**In re Grand Jury Subpoena for Attorney Representing Criminal Defendant, Jose Evaristo REYES–REQUENA.**

**Misc. No. H–90–586.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 17, 1990.

Affirming order, —— F.2d ——.

Ronald G. Woods, U.S. Atty., Lawrence D. Finder and Kenneth Magidson, Asst. U.S. Attys., Houston, Tex.

Dick DeGuerin, Houston, Tex., for Mike DeGeurin.

Charles Grigson, San Antonio, Austin, Tex., for intervenor.

Gerald H. Goldstein, San Antonio, Tex., amicus curiae, for Nat. Ass'n for Defense Lawyers.

Kent Schaffer, and James Clifford Sabalos, Houston, Tex., amicus curiae, for Texas Criminal Defense Lawyers Ass'n.

Jim E. Lavine, Houston, Tex., amicus curiae, for Harris County Criminal Lawyers Ass'n.

Jack B. Zimmerman, Houston, Tex., amicus curiae, for Ass'n of Trial Lawyers of America.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion to Compel Compliance with Court Order and for Judgment and Commitment for Contempt filed by the United States of America ("government"). The government seeks to hold Mike DeGeurin ("DeGeurin") in civil contempt of this Court's previous orders for his refusal to comply fully with a grand jury subpoena. Having considered the motion, the submissions of all parties, the argument of counsel and amici curiae at a hearing in open court on December 11, 1990, and the applicable law, this Court determines that the government's motion should be denied.

## I. BACKGROUND

In October 1989, a federal grand jury indicted Jose Evaristo Reyes–Requena ("Reyes–Requena") for possession with intent to distribute in excess of five kilograms of cocaine. Mike DeGeurin, a criminal defense attorney, represented Reyes–Requena throughout the proceedings

against him. Shortly after a combined preliminary examination and detention hearing in Reyes–Requena's case, DeGeurin received a grand jury subpoena *duces tecum* seeking information concerning the Reyes–Requena legal fee arrangement. On October 31, 1989, this Court granted DeGeurin's motion to quash the grand jury subpoena, holding *inter alia* that the information sought in connection with the grand jury subpoena would violate the attorney-client privilege existing between DeGeurin and his client Reyes–Requena.[1] *See In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes–Requena,* 724 F.Supp. 458, 464 (S.D.Tex.1989). The Fifth Circuit reversed that decision. *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes–Requena,* 913 F.2d 1118 (5th Cir.1990). The Fifth Circuit reasoned that "[n]othing in the record reflect[ed] that this information [sought by the grand jury] was either a confidential communication between DeGeurin and Reyes–Requena, or inescapably tied to such a communication...." *Id.* at 1122.

Following the Fifth Circuit decision, DeGeurin was issued a subpoena *duces tecum* commanding him to appear to testify before the grand jury on December 6, 1990. DeGeurin moved this Court to quash the grand jury subpoena on grounds that disclosure would contravene an attorney-client relationship, not between DeGeurin and Reyes–Requena, but between DeGeurin and a third-party benefactor who paid DeGeurin to represent Reyes–Requena. Additionally, an anonymous Intervenor ("Intervenor"), the third-party benefactor, intervened in the proceeding and moved this Court to protect Intervenor's own rights by quashing the grand jury subpoena issued to DeGeurin. However, in light of the Fifth Circuit ruling in *Reyes–Requena,* this

[1] This Court's October 31, 1989 order quashing the grand jury subpoena was based on three grounds: (1) the attorney-client privilege, (2) the Court's supervisory power under Fed.R. Crim P. 17(c), and (3) the Sixth Amendment of the United States Constitution. In the interim between this Court's order quashing the subpoena and the Fifth Circuit's opinion on appeal of that order, Reyes–Requena was convicted on the

aforementioned indictment and sentenced to 15 years in the federal penitentiary. The Fifth Circuit concluded that Reyes–Requena's conviction mooted both the Rule 17(c) and Sixth Amendment grounds for quashing the grand jury subpoena. *See In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes–Requena,* 913 F.2d 1118, 1129 (5th Cir. 1990).

Court ordered DeGeurin to comply with that subpoena. In the instant motion, the government asserts that DeGeurin did not fully comply with the subpoena *duces tecum* because he refused to reveal the identity of Intervenor and the precise amount of fees paid. Therefore, the government seeks to have DeGeurin committed to the custody of the United States Marshal for the Southern District of Texas until such time as he shall obey this Court's order or until the expiration of the grand jury that issued the subpoena *duces tecum*. This Court ordered DeGeurin to appear on December 11, 1990 and show cause why he should not be held in contempt of court.

## II. THE ATTORNEY–CLIENT RELATIONSHIP

DeGeurin argues that an attorney-client relationship between himself and the third-party benefactor, the anonymous Intervenor, prevents him from answering the grand jury questions fully. DeGeurin acknowledges that the Fifth Circuit unconditionally rejected his argument that his attorney-client relationship with Reyes–Requena prevents him from revealing the source and amount of legal fees used in Reyes–Requena's defense. DeGeurin now argues, however, that the rights of the *Intervenor*, whom he alleges is also his client, were not litigated previously. DeGeurin asserts that the principal question previously before the Fifth Circuit was whether DeGeurin could be forced to reveal the mere *existence* of a third-party benefactor, despite his claims of a privilege emanating from his relationship with Reyes–Requena. DeGeurin argues that he has adhered to the Fifth Circuit's resolution of this question against him by revealing to the grand jury the mere existence of a third-party benefactor. DeGeurin still refuses to reveal to the grand jury the Intervenor's identity or the amount of legal fees that Intervenor paid on Reyes–Requena's behalf.[2] DeGeurin argues that disclosure of the information would reveal a confidential communication. Thus, DeGeurin asserts that the existence of an attorney-client relationship between himself and Intervenor, and the ramifications of such a relationship on the need for disclosure, are only now ripe for consideration.

The existence of an attorney-client relationship between DeGeurin and Intervenor has not been previously litigated. In fact, the Fifth Circuit noted that "DeGeurin has never averred that the anonymous benefactor of Reyes–Requena (if there is one) was his client." *Reyes–Requena*, 913 F.2d at 1123. Notwithstanding DeGeurin's failure to raise the relationship previously, the government concedes that DeGeurin is entitled to offer evidence of an attorney-client relationship at this stage of the proceeding. DeGeurin proffered evidence, *in camera*, to establish the existence of an attorney-client relationship between himself and Intervenor. The government urges this Court to find, however, that this evidence should not be considered credible in light of DeGeurin's failure to submit it previously.

Nevertheless, having considered, *in camera*, DeGeurin's proffered evidence of the existence of an attorney-client relationship between himself and Intervenor, this Court finds that an attorney-client relationship between DeGeurin and Intervenor existed prior to the issuance of the first grand jury subpoena regarding the source and amount of fees paid on behalf of Reyes–Requena. This Court further finds that the relationship continues to exist at this time.

## III. CONFIDENTIAL COMMUNICATION

"Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). "The purpose of the privilege is to encourage clients to make full disclosure to their attorneys." *Id.* However, because "the [attorney-client] privilege has the effect of withhold-

---

**2.** This Court notes that during his appearances before the grand jury, DeGeurin disclosed the identity of a different third-party benefactor, who is not DeGeurin's client, and the partial amount of fees paid by that benefactor. DeGeurin does not assert that fee information regarding a non-client third-party benefactor is protected by an attorney-client privilege.

ing relevant information from the factfinder, it applies only where necessary to achieve its purpose." *Id.* Thus, the privilege protects only confidential communications by a client to an attorney made in order to obtain informed legal assistance. *Id.*

As a general rule, client identity and fee arrangements are not protected as privileged. *In re Grand Jury Proceedings (United States v. Jones)*, 517 F.2d 666 (5th Cir.1975). However, the Fifth Circuit has enunciated a narrow exception under *Jones* to the general rule of non-confidentiality of information concerning client identities and fees: "[C]lient retention and fee information may become privileged if their revelation would in itself reveal a confidential communication." *Reyes–Requena*, 913 F.2d at 1126 (citing *Jones*, 517 F.2d at 688, and *In re Grand Jury Proceedings (Pavlick)*, 680 F.2d 1026, 1027 (5th Cir.Unit A 1982).(en banc)). Thus, *Jones* "protect[s] a disclosure that would reveal the confidential motive for retention of the attorney." *Reyes–Requena*, 913 F.2d at 1126.

In *Reyes–Requena*, the Fifth Circuit did not explicitly rule whether DeGeurin could bring himself within the *Jones* exception, because the court did not have before it evidence of the relationship between DeGeurin and Intervenor. *Id.* 913 F.2d at 1124 (holding that "[e]ven if DeGeurin had asserted that the anonymous fee-payer was his client, it is not at all clear that the attorney-client privilege would suppress evidence of the fact of an arrangement or payment made for Reyes–Requena's defense"). DeGeurin now asserts that the anonymous fee-payer is his client. Because of the new circumstances, this Court faces a question of first impression in the Fifth Circuit.

The Seventh Circuit recently addressed this question in a case involving very similar facts. *See In re Grand Jury Proceeding (Cherney)*, 898 F.2d 565 (7th Cir.1990). Cherney, a criminal defense attorney, was subpoenaed to reveal the identity of an unknown third party who had paid his fees to represent a criminal defendant, Hrvatin. *Id.* at 566. Upon review of documents *in*

*camera,* the district court held that the information was privileged. *Id.* at 567. The Seventh Circuit upheld the district court's finding of privilege (1) because the fee-payer was also a client and (2) because revelation of his identity would be "tantamount to revealing the premise of a confidential communication: the very substantive reason that the client sought legal advice in the first place." *Id.* at 568. The *Cherney* court emphasized the distinction between a disclosure that would reveal a confidential communication and a disclosure that would incriminate the client; *Cherney* protects as necessarily privileged only the former. *Id.* at 568–69.

The situation faced by the Seventh Circuit in *Cherney* fits within the narrow circumstance to which the Fifth Circuit has confined the rule in *Jones*. Moreover, DeGeurin faces the identical dilemma that Cherney faced. If DeGeurin reveals the identity of Intervenor, the confidential motive for Intervenor's retention of DeGeurin will be exposed as apparent. The documents submitted *in camera* demonstrate the confidential motive for Intervenor's retention of DeGeurin. The representation of Reyes–Requena was not the sole motive. Rather, Intervenor retained DeGuerin to represent Reyes–Requena and Intervenor *jointly* for a confidential purpose. The revelation of the fee arrangement with Intervenor in this case will expose that confidential purpose, and therefore, *Jones* protects as privileged information concerning the fee arrangement.

This Court must continue to be mindful of the goal of the attorney-client privilege: to enable individuals to obtain informed legal assistance. *See Fisher*, 425 U.S. at 403, 96 S.Ct. at 1577. In light of that purpose, this Court is further persuaded by, and hereby adopts, the policy underlying the *Cherney* decision:

> The privilege may well at times serve to preclude an attorney from incriminating his client but this is the price we pay for a system that encourages individuals to seek legal advice and to make full disclosure to the attorney so that the attorney can render informed advice. Invading

the privilege may allow the government to prosecute more criminals but will have a grave effect on our justice system as clients, knowing that their confidential communications may be subject to disclosure, will eventually be less than candid with their attorneys or will consider foregoing legal advice altogether. This cannot be a desired result.

*Cherney,* 898 F.2d at 569.

Based upon the foregoing, it is

ORDERED that Government's Motion to Compel Compliance with Court Order and for Judgment and Commitment for Contempt is DENIED.